# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

JUSTIN ADKINS, et al.,

            Plaintiffs,

v.                                              CIVIL ACTION NO.  3:18-0321

CSX TRANSPORTATION, INC., et al.,

            Defendants.

## MEMORANDUM OPINION AND ORDER

Now pending before the Court are Plaintiffs' Motion for Leave to File, ECF No. 12, and Defendants' Motion to Dismiss for Failure to Timely Serve, ECF No. 11. For reasons set forth herein, Plaintiffs' Motion is **GRANTED** and Defendants' Motion is **DENIED**.

### I.     Background

Plaintiffs first filed their Complaint on February 15, 2018. ECF No. 1. Summonses were submitted on May 14, 2018, ECF No. 5, and a Request for Waiver was filed on May 16, 2018, ECF No. 7. After Plaintiffs filed an Amended Complaint on May 16, 2018, ECF No. 8, electronic summonses were issued on June 29, 2018, ECF No. 10. Summonses were returned executed as to Defendants CSX Corporation and CSX Transportation, Inc. (collectively, "CSX Defendants") on July 17, 2018, ECF Nos. 13, 14. The docket sheet reflects that service was completed as to the CSX Defendants on July 5, 2018. *Id*. Summonses have not been returned executed as to the remaining defendants named in this suit, and the docket sheet does not reflect in any other way that service has been effected on those remaining defendants.

Defendants filed a Motion to Dismiss for Failure to Timely Serve on July 5, 2018, the same day the CSX Defendants were served with process. ECF No. 11. Plaintiffs claim that Defendants failed to return waivers of service after they were issued, and that Plaintiffs have since been reasonably diligent in their efforts to effect service on the named defendants in this case. ECF No. 15. Plaintiffs therefore request that the Court grant them leave to serve Defendants with process at this time. *Id*. Plaintiffs further seek to amend their complaint once more so as to add one additional plaintiff. ECF No. 12.

## II. Motion for Leave to File Amended Complaint

First, Plaintiffs ask the Court for leave to file a second amended complaint so that they may add one additional plaintiff. ECF No. 12. Defendants did not respond to Plaintiffs' Motion and, as such, filed no objections thereto.

Federal Rule of Civil Procedure 15(a)(2) provides that a plaintiff may amend his Complaint with the opposing party's written consent or with the leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). The Fourth Circuit has interpreted this language liberally, ruling that leave to amend "should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original).

Given that Plaintiffs seek leave to amend so that they may add one additional plaintiff to their case at this time and that Defendants have not objected to Plaintiffs' request, the Court finds that granting Plaintiffs' Motion will result in no prejudice to Defendants, that there has been no bad faith on Plaintiffs' parts, and that the amendment sought would not be futile. Accordingly, Plaintiffs' Motion is **GRANTED**.

### III. Motion to Dismiss for Failure to Timely Serve

Next, Defendants ask the Court to dismiss Plaintiffs' case for failure to effect timely service. ECF No. 11. Plaintiffs concede that they did not effect service of process on Defendants within the required time period, but nevertheless ask the Court to extend that time period so that they may effect such service at this time. ECF No. 15.

Pursuant to Rule 4(m), the Court must extend the time for service if the plaintiffs have demonstrated good cause for their failure to timely serve the named defendants in this case. Fed. R. Civ. P. 4(m). The Court is directed to consider the following factors in determining whether Plaintiffs have demonstrated good cause such that the time for service should be extended: "(i) the possibility of prejudice to the defendant[s], (ii) the length of the delay and its impact on the proceedings, (iii) the reason(s) for the delay and whether the delay was within the plaintiff[s]' control, (iv) whether the plaintiff[s] sought an extension before the deadline, (v) the plaintiff[s]' good faith, (vi) the plaintiff[s]' pro se status, (vii) any prejudice to the plaintiff[s] . . ., and (viii) whether time has previously been extended." *Robinson v. GDC, Inc.*, 193 F.Supp.3d 577, 580 (E.D. Va. 2016). Considering these factors in their totality, the Court finds that they weigh in favor of extension.

First, the Court finds that Defendants have suffered and will suffer no prejudice by extending the deadline. Defendants argue that extension would leave them "little time to review Plaintiffs' Complaints," but the Court has yet to enter a scheduling order in this case. Defendants will have sufficient time to review Plaintiffs' claims before the case proceeds.

The Court also finds that the length of the delay is not inordinate and that Plaintiffs have identified a reasonable cause for the delay. Plaintiffs' efforts to serve the interests of judicial economy by consolidating parties are reasonable and legitimate. Further, the Court finds no bad

faith on Plaintiffs' parts such that extension should be denied, and time for service has not previously been extended in this case. Therefore, considered in their totality, these factors weigh in favor of extending time for service in this case. Accordingly, Defendants' Motion is **DENIED** and Plaintiffs will be permitted to complete service on the remaining defendants who have not yet been served by September 14, 2018.

### IV. Conclusion

For the reasons set forth herein, Plaintiffs' Motion for Leave to File, ECF No. 12, is **GRANTED** and Defendants' Motion to Dismiss for Failure to Timely Serve, ECF No. 11, is **DENIED**. Plaintiffs are **ORDERED** to effect service upon any defendants who have not yet been served and to file proof of such service no later than September 14, 2018.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 16, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE