# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

JUSTIN ADKINS, et al.,

        Plaintiffs,

v.                                 CIVIL ACTION NO. 3:18-0321

CSX TRANSPORTATION, INC., et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant CSX Corporation's ("CSX") Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). ECF No. 19. For reasons set forth herein, the Motion is **DENIED**.

## I. BACKROUND

Plaintiffs first filed their Complaint on February 15, 2018, claiming remedies under § 510 of the Employee Retirement Income Security Act ("ERISA"), § 504 of the Rehabilitation Act of 1973 ("Rehab Act"), the West Virginia Human Relations Act ("WVHRA"), the Family and Medical Leave Act ("FMLA"), and state law causes of action including defamation, invasion of privacy, tortious interference, intentional infliction of emotional distress and wrongful discharge. *Compl.*, ECF No. 1. CSX Transportation, Inc. ("CSXT") and its parent corporation, CSX, were named as defendants in the Complaint. *Id.* Plaintiffs subsequently filed an Amended Complaint on May 16, 2018 and a Second Amended Complaint on August 16, 2018. *Am. Compl.*, ECF No. 8; *Second Am. Compl.*, ECF No. 18. CSX filed the Motion to Dismiss on August 30, 2018, claiming the Court lacks personal jurisdiction. *Mot. to Dismiss*, ECF No. 19.

## II. LEGAL STANDARD

When a defendant moves to dismiss for lack of personal jurisdiction and the court decides the "motion without an evidentiary hearing, the plaintiff need prove only a *prima facie* case of personal jurisdiction." *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). "[T]he district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Id.* To prove specific jurisdiction over an out-of-state defendant, a plaintiff must show that jurisdiction is authorized by the long-arm statute of the state in which the court sits and that exercise of such jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009). Where, as here, the state's long-arm statute is coextensive with the full reach of the Due Process Clause, those questions merge into one inquiry. *In re Celotex Corp.*, 124 F.3d 619, 627–28 (4th Cir. 1997).

Courts in this Circuit apply a three-part test. The Court must examine "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *ALS Scan, Inc. v. Dig. Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002) (internal quotation marks omitted). The first prong reflects the requirement there are "sufficient 'minimum contacts' with the forum state such that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Consulting Eng'rs*, 561 F.3d at 277 (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). While the law presumes separately incorporated companies are legally distinct, "if the parent and its subsidiary act as one entity, their formal separate corporate structures will not prevent the assertion of jurisdiction over the non-resident corporation." *Town of Fayetteville v. Law*, 495 S.E.2d 843, 848 (W. Va. 1997).

The Supreme Court of Appeals of West Virginia has outlined eleven factors to be considered by a court "in determining whether to assert personal jurisdiction over the parent company of a subsidiary doing business in West Virginia." *Bowers v. Wurzburg*, 501 S.E.2d 479, 490 (W. Va. 1998). In determining whether to impute a subsidiary's contacts with West Virginia to its parent, courts should look to the following factors:

1. Whether the parent corporation owns all or most of the capital stock of the subsidiary;
2. Whether the parent and subsidiary corporations have common directors and officers;
3. Whether the parent corporation finances the subsidiary;
4. Whether the parent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation;
5. Whether the subsidiary has grossly inadequate capital;
6. Whether the parent corporation pays the salaries and other expenses or losses of the subsidiary;
7. Whether the subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation;
8. Whether in the papers of the parent corporation or in the statement of its officers, the subsidiary is described as a department or division of the parent corporation, or its business or financial responsibility is referred to as the parent corporation's own;
9. Whether the parent corporation uses the property of the subsidiary as its own;
10. Whether the directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take their orders from the parent corporation in the latter's interest; and
11. Whether the formal legal requirements of the subsidiary are not observed.

*Bowers*, 501 S.E.2d at 490; *Toney*, 273 F. Supp. 2d at 762. The burden of demonstrating these factors lies with the Plaintiffs. *Toney*, 273 F. Supp. 2d at 760.

### III. DISCUSSION

Defendant CSX moves this Court to dismiss Plaintiffs' Second Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction.[1] The parties do not contest

---

[1] CSX also moved to dismiss the claim under Fed. R. Civ. P. 12(b)(6), but provided no supporting argument for this as required by L. R. Civ. P. 9.4(b). Accordingly, the motion on this ground is denied.

that personal jurisdiction exists over CSX's subsidiary, CSXT. *See Mem. Supp. Mot. to Dismiss*, n.3, ECF No. 20. Plaintiff's case for personal jurisdiction rests on the allegation that CSX and CSXT are functionally the same corporation.

In the Second Amended Complaint, Plaintiff alleges CSX "owns, manages, operates, and/or controls . . . CSXT," and that the cause of action arose at "CSX's Huntington Locomotive Shop." *Second Am. Compl.*, ¶¶ 3, 5. As it is Plaintiff's burden to sufficiently plead jurisdiction, the following facts and allegations are applied to the relevant factors:

> (1 & 4) CSXT is a wholly owned subsidiary of CSX by its own admission, (ECF No. 27, at 5);
>
> (2 &10) the positions of President, Chief Financial Officer, Chief Legal Officer, Vice President of Operations, and Secretary for both corporations are held by the same individuals for each board, (ECF Nos. 25-1, 25-2);
>
> (3–7 & 9) the finances, revenue, and assets of both corporations are treated as belonging to CSX in its annual report, (*2017 Annual Report*, at 4–5, 88–92, 117–123);
>
> (8) CSX refers to itself, along with its subsidiaries as a single "company," and is "responsible for establishing and maintaining adequate internal control over financial reporting" for the whole "company.", (*Id.*, at 10, 124);
>
> (11) Plaintiffs do not apply any specific facts to this argument, apart from the general accusation that these companies are not actually legally distinct.

Though the Court addressed this same issue in *Sigman v. CSX Corporation* and came to the opposite conclusion, Plaintiffs in the instant case have alleged a markedly different set of facts which the Court believes gives rise to personal jurisdiction. 2016 WL 2641748 (S.D. W. Va. May 5, 2016). Whereas in *Sigman*, the boards of CSX and CSXT only shared a single officer, here Plaintiffs show a restructured board with an almost identical leadership team between the two. *Id.* Moreover, the Plaintiffs in *Sigman* relied heavily on these corporations' shared website and provided no argument regarding factors 5, 6, 7, 10, and 11. *Id.*

Here, exploring CSX's 2017 Annual Report is particularly illustrative. It reveals that CSX and CSXT present themselves as a single, cohesive unit. Though CSX attempts to explain that any reference to the collective as a single company is "simply easier," the pervasive representation that CSX and CSXT are one in the same suggests something more. *Reply to Mot. to Dismiss*, at n.4, ECF No. 27. This factual dispute is appropriately resolved in favor of Plaintiff. The Court finds Plaintiff has made a *prime facie* case for personal jurisdiction, as determined by a showing of support for a majority of the above-listed factors.

## IV. CONCLUSION

For the reasons set forth herein, Defendant CSX Corporation's Motion for to Dismiss, ECF No. 19, is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: July 30, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE