IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JUSTIN ADKINS, et al.,

    Plaintiffs,

v.                                         CIVIL ACTION NO. 3:18-0321

CSX TRANSPORTATION, INC., et al.,

    Defendants.

## ORDER

Pending before the Court is Defendants' Motion to Strike. ECF No. 402. Upon review of the Motion and the parties' briefings, the Motion is **GRANTED, in part,** and **DENIED, in part**.

## I. BACKGROUND

### A. Plaintiffs' Post-Termination Wage Information

According to the Defendants, on April 1, 2020, Defendant CSX Transportation ("CSXT") served each Plaintiff with interrogatories which asked the Plaintiffs to "[i]dentify the category of damages and the precise total amount of monetary damages sought in this litigation as well as all calculations underlying such amounts." *Mot.* 1. Defendant CSXT also asked the Plaintiffs to produce all documents supporting or relating to their claimed damages as well as all documents "relating to income or monies received by [Plaintiffs] from any source since the cessation of [Plaintiffs'] employment with CSXT[.]" *Id.* at 1–2.

On August 27, 2020, Defendants requested that the Plaintiffs complete authorization forms permitting the IRS to release their tax transcripts to the Defendants. *See Pls.' Ex. 1*, ECF No. 420-1. Plaintiffs assert that they completed those authorizations and were unaware that the IRS had not

supplied the Defendants with the requested records. *Pls.' Resp.* 2, ECF No. 420.

Pursuant to the Amended Scheduling Order dated September 29, 2020, responses to discovery requests were to be completed by March 8, 2021. ECF No. 281. Defendants claim that the discovery deadline has passed, and they are still not in possession of complete post-termination wage loss information. *Mot.* 2.

## B. Plaintiffs' Expert, Jeffrey B. Opp

Plaintiffs served their expert witness disclosures on March 22, 2021, *see* ECF No. 327, and they disclosed Jeffrey B. Opp as a damages expert. *Mot.* 2. Mr. Opp's disclosed report provides a "summary of lost earnings without consideration of post-termination earnings," and it provides a calculation of the Plaintiffs' total losses based upon both "first exposure retirement ages" and "maximized benefit retirement ages." *Opp. Rep.* 1, ECF No. 402-3

Within the report, Mr. Opp states, "I have prepared the following preliminary computations and analysis concerning the earnings losses for the named Plaintiffs . . . as a result of their termination from CSX." *Id.* The report later states "[f]or the purposes of this preliminary analysis I have not considered any amounts earned or received by the named plaintiffs after the dates of their termination. I will supplement these computations if I am later provided with additional information regarding this issue." *Id.* at 4.

Plaintiffs never provided Defendants with a supplemental report, and to the Court's knowledge, Defendants have not yet deposed Mr. Opp.

## II.  LEGAL STANDARD

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides,

> [i]f a party fails to provide information or identify a witness as required by 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless.

> In addition to or instead of this sanction, the court of motion and after giving an opportunity to be heard [may impose other appropriate sanctions].

While a district court has broad discretion when it comes to determining whether evidence should be excluded under Rule 37(c)(1), the Fourth Circuit has adopted a five-factor test to determine whether nondisclosure was "substantially justified or harmless:"

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

### III. ANALYSIS

Defendants' Motion asks the Court to enter an order striking both the Plaintiffs' wage-loss claims and Plaintiffs' expert, Jeffrey B. Opp. The requests are addressed separately.

#### A. Plaintiffs' Post-Termination Wage Information

Defendants' Motion states that "five Plaintiffs—Grover Kelley, the Estate of Chad Little, Michael D. Potter, Michael L. Potter, and Clay Stiltner—have not produced any post-termination wage information, and twenty-four Plaintiffs . . . have produced only incomplete information." *Mot.* 2. Defendants argue that without complete wage information, they are unable to evaluate the Plaintiffs' claimed damages and cannot appropriately defend the claims against them. *Id.* at 5–6. Accordingly, Defendants insist that the wage-loss claims for the Plaintiffs who failed to provide complete post-termination wage information should be stricken pursuant to Rule 37(c)(1).

In response to the Motion, Plaintiffs claim that they have made attempts to comply with their discovery obligations since the beginning. Specifically, they argue that they "provided signed authorizations for IRS tax record[s] as requested by the Defendants, who in turn submitted the authorizations to the IRS." *Pls.' Resp.* 2. It was not until more than half a year later that the

Defendants notified Plaintiffs that they had not received the requested tax records from the IRS. *Id.* Plaintiffs assert that once they were advised of this, "counsel for Plaintiff worked tirelessly to obtain wage information from Plaintiffs on a rolling basis," and that in the last two months, Plaintiffs have supplied the Defendants with more than 2,000 pages of documents concerning Plaintiffs' wages. *Id.* Plaintiffs represent that as of "June 23, 2021, Plaintiffs have provided all post-termination wage documentation in their possession with the exception of two plaintiffs – Michael L. Potter and Grover Kelley." *Id.* at 1; *see Pls.' Ex. 2*, ECF No. 420-2 (June 10, 2021 disclosures); *Pls.' Ex. 3*, ECF No. 420-3 (June 23, 2021 letter addressing alleged deficiencies).

Here, the Court generally finds that Plaintiffs' delay in providing these records is both substantially justified and harmless. Turning to the factors from *Southern States Rack and Fixture*, the Court concludes that while the post-termination wage loss information is plainly important to Plaintiffs' claims, the Defendants have not suffered great surprise due to the delayed disclosure. It is clear from Plaintiffs' response that a large portion of the "incomplete information" Defendants sought was already in their possession in the form of deposition testimony. To the extent that Defendants may have suffered some surprise due to the late disclosures, the Court finds that surprise has been cured by Plaintiffs' supplementation in advance of trial.

Additionally, the Court does not believe the post-termination wage evidence will disrupt the trial, nor does the Court believe that the evidence would have made an impact on any of the pending motions for summary judgment, as the Defendants' motion for summary judgment is not targeted at the individual Plaintiffs.

Most significantly, the Court is satisfied with Plaintiffs' explanation for the delay. While it appears from Defendants' Motion that Plaintiffs did not attempt to comply with their discovery obligations until a year after being ordered to do so by the Court, *see Mot.* 2, the Court believes

the Plaintiffs have acted in good faith. Plaintiffs claim, and Defendants do not dispute, that Plaintiffs attempted to comply with Defendants' discovery request by signing authorizations for IRS tax records last summer. *Pls.' Resp.*, 2. Defendants have further failed to rebut Plaintiffs' claims that the Defendants did not notify Plaintiffs that they had not received the authorized tax records until March 2021. *Id.* Since that time, Plaintiffs have provided significant amounts of documentation to the Defendants in an attempt to satisfy the discovery requests, and the Court is satisfied that more than two months in advance of trial, they have cured the deficiencies for all but a few Plaintiffs. *See Defs.' Reply* 4, ECF No. 422 (specifically identifying only three remaining deficiencies).

Accordingly, the Court declines to strike the majority of Plaintiffs' post-termination wage loss claims. Notwithstanding that conclusion, the Court grants Defendants' Motion as to the two Plaintiffs who have continued to fail to produce wage loss information: Grover Kelley and Michael L. Potter.[1] Additionally, the Court notes that an exhibit Plaintiffs' Response indicates two named Plaintiffs, Jeremy Napier and Dennis Sargent, were still "looking" for their W-2s for certain years. *See* ECF No. 420-3. If those documents have not been provided to the Defendants by the entry date of this Order, the Court grants Defendants' motion to strike their wage loss claims for the years for which those Plaintiffs have failed to produce documentation.

### B. Plaintiffs' Expert Jeffrey B. Opp

Federal Rule of Civil Procedure 26(a)(2)(B)(i) requires parties' experts to provide a report containing "a complete statement of all opinions the witness will express and the basis and reasons for them." Because Plaintiffs never provided the Defendants with a supplemental report, Defendants contend that Mr. Opp's report is incomplete and therefore violative of Rule 26. They

---

[1] Michael Potter has voluntarily withdrawn his past wage loss claim, and Plaintiffs' counsel has represented that the Grover Kelley is making more money now than he made working at CSXT. *Pls.' Resp.* 3.

submit that "[w]ithout a complete report that meets the requirements of Rule 26(a)(2), Defendants simply cannot adequately prepare for trial and have been unfairly prejudiced in their ability to address Mr. Opp's opinions in their dispositive motions." *Mot*. 8.

In response, Plaintiffs argue that Mr. Opp's report is complete, and has been since it was provided to the Defendants on March 22, 2021. *Pls.' Resp.* 3. While his report states that it would be supplemented if he was provided with additional information, Plaintiffs argue that because post-termination wage loss changes every day, they typically would not need to provide such supplementation until thirty days before trial. *Id.* at 3–4. Additionally, Plaintiffs reason that Defendants have no basis to claim that that the report is deficient, because "[t]hrough deposition testimony of each Plaintiff last summer and the updated wage information, Defendants have known what each Plaintiff has done since their termination from CSX in 2017." *Id.* at 4.

The Court finds that it has no basis upon which to find that Mr. Opp's report is incomplete. While the report states that it is a "preliminary analysis," Mr. Opp expressly conditioned supplementation upon being supplied additional information. *Opp. Rep.* 4 ("I will supplement these computations *if* I am later provided with additional information regarding this issue.") (emphasis added). Without evidence that Mr. Opp has been provided with additional information, the Court cannot conclude that he was required to supplement his report.

Additionally, Defendants have not shown that they will be prejudiced by Mr. Opp's report or his testimony at trial, nor have they demonstrated that they will be unable to take a complete deposition of Mr. Opp. The Court has concluded that the Defendants are completely advised of Plaintiffs' earnings that would reduce their post-termination wage loss claims. Accordingly, to the extent they believe it is necessary question Mr. Opp about post-termination damages, nothing will stop them from doing so.

The Court does note that Defendants are entitled to depose Mr. Opp if they so desire. The Court has not been recently advised as to the status of scheduling. Consequently, the Court will require the parties to communicate with each other and promptly schedule the expert deposition, if requested by the Defendants.

## IV. CONCLUSION

In sum, the Defendants' Motion is **GRANTED, in part,** and **DENIED, in part**. The Motion is granted to the extent it seeks to strike the wage loss claims of Plaintiffs Grover Kelley and Michael L. Potter. Additionally, if Plaintiffs Jeremy Napier and Dennis Sargent have not yet produced their missing W-2 forms, their wage loss claims for those years are stricken. The Motion is denied to the extent it seeks to strike the wage loss claims of the remaining Plaintiffs. Finally, the Motion is denied to the extent it seeks to strike Plaintiffs' expert Mr. Opp.

The Court **DIRECTS** the Parties to communicate with each other and promptly schedule the deposition of Mr. Opp, should Defendants desire to take it. The Court will extend the discovery/deposition deadline to accommodate the completion of his deposition. If the Parties have difficulty agreeing upon a timely deposition, they shall contact the Court immediately.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: July 15, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE