IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

| | |
|---|---|
| JUSTIN ADKINS et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Civil Action No. 3:18-CV-00321 |
| | ) |
| CSX TRANSPORTATION, INC. et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING ON SUMMARY JUDGMENT MOTIONS**

AND NOW, come the Plaintiffs by and through their undersigned counsel, and respectfully file this Motion for Leave to file Supplemental Briefing on Summary Judgment Motions.

1. The parties filed their respective Motions for Summary Judgment on May 13, 2021. ECF Nos. 360 - 367; 368.

2. Defendants' Responses to Plaintiffs' Motions for Summary Judgment were filed on June 4, 2021. ECF No. 382.

3. Plaintiffs' Response to Defendant's Motion for Summary Judgment was filed on June 10, 2021. ECF Nos. 395 - 400.

4. Plaintiffs filed a Motion to Compel Discovery Responses regarding communications identified, but not produced in discovery, on June 14, 2021. The motion was referred to Magistrate Judge Cheryl Eifert. ECF Nos. 406.

5. Plaintiffs filed their Reply to Defendant's Response to Motion for Summary Judgment on June 21, 2021. ECF No. 410.

1

6. Defendants filed their Replies to Plaintiffs' Motions for Summary Judgment on June 24, 2021. ECF Nos. 411 - 417.

7. Defendants filed a Response to Plaintiffs' Motion to Compel on June 28, 2021. ECF No. 419.

8. Plaintiffs filed their Reply in further support of the Motion to Compel on July 6, 2021. ECF No. 423.

9. A hearing was held on July 19, 2021 regarding the Motion to Compel and a decision is pending as of the date of this filing. ECF No. 428; Dec. of C. Kiel Garella at ¶¶ 7.

10. On August 5, 2021, a hearing was held on the summary judgment motions regarding four of the five remaining causes of action.[1] ECF No. 444.

11. At the August 5, 2021 hearing the Court advised the parties that the trial date was continued indefinitely and all pretrial dates are vacated due to the criminal docket having priority.

12. Despite the case arriving at the dispositive stage, the Plaintiffs have continued to actively pursue discovery which they properly and timely requested and which is material to their pending claims.

13. Included in this discovery are depositions that were taken by agreement of the parties at or after the dispositive filing deadline, the transcripts of which were not available until after the summary judgment filing deadline. These depositions include the testimony of material witnesses who were directly involved in the termination of the Plaintiffs. *See* Dec. of C. Kiel Garella at ¶¶ 4-8.

---

[1] No motion is pending regarding the Plaintiffs' FMLA Interference claim.

14. Further, Plaintiffs will take the continued Fed. R. Civ. P. 30(b)(6) deposition of CSX on August 23, 2021.[2] *See* Dec. of C. Kiel Garella at ¶ 6. Plaintiffs are informed that CSX will produce as its designee Dr. Craig Heligman to testify on topics including:

a. Defendant's policies, procedures and practices for providing a medical leave of absence for an employee with medical restrictions following a non-work-related injury;

b. Defendant's policies, procedures and practices for providing a medical leave of absence for an employee with medical restrictions following a work-related injury;

c. Defendant's policies, procedures and practices for returning an employee to work following sickness and accident, short-term and/or long-term disability benefits;

d. Defendant's policies, procedures and practices for returning an employee to work for an employee who is not eligible for leave under the FMLA;

e. Defendant's policies, procedures and practices for returning an employee to work following expiration of FMLA leave;

f. The policies, procedures, and practices of accommodating, reassigning, disciplining and/or terminating employees who are off from work on a medical leave of absence;

g. Emails between Dr. Heligman to Ann Reinke during the period of time from 2016 to present.

---

[2] Plaintiffs initially noticed this deposition in January 2021 and it has taken place over a number of dates to accommodate the schedules of counsel as well as the various witnesses CSX designated to testify on the noticed topics. The parties remained in dispute over whether Dr. Heligman must be produced separately from his individual deposition. Magistrate Judge Eifert ruled on July 20, 2021 that CSX must produce Dr. Heligman separately as a 30(b)(6) deponent. ECF No. 430.

    h. Emails between Dr. Heligman to Quentin Kendall during the period of time from 2016 to the present.

    i. Emails between Dr. Heligman to Jolanda Johnson during the period of time 2016 to the present.

    j. All communications including letters, text messages, memos and emails drafted, sent and/or received to and from Dr. Heligman concerning any of the named Plaintiffs;

    k. Defendant's Policies and Procedures for Fee For Service Examination and/or Independent Medical Examination and Surveillance.

15. The testimony of Dr. Heligman regarding these 30(b)(6) topics is critical to the Plaintiffs' case as it involves the contemporaneous communications of Dr. Heligman regarding Plaintffs' medical treatment with Drs. Johnson and Carey and the decisions to and reasons for invoking disciplinary action against the Plaintiffs. *See* Dec. of C. Kiel Garella at ¶ 6.

16. The testimony of Dr. Heligman regarding these 30(b)(6) topics is also critical to the Plaintiffs' case because it addresses whether, and to what extent, CSX followed its own practices and policies for its treatment of employees who seek and receive medical treatment and subsequently need time off from work. Such testimony will reflect whether CSX treated the Plaintiffs legitimately or whether it acted with pretext.

17. Additionally, a number of material depositions took place at or after the dispositive filing deadline and Plaintiffs therefore were not able to present facts essential to its opposition to the Court. Those depositions included:

    a. Defendant Gus Thoele, deposed on June 17, 2021, presided as the hearing officer over the vast majority of the disciplinary proceedings of the Plaintiffs.

>He testified that following such disciplinary hearings the hearing officer is always to complete a "Notice of Findings." *See* Ex. A, Thoele Tr. at 45:9 - 46:6. He further testified that he was explicitly instructed by CSX Labor Relations management employee Penny Dreher to *not* complete such "Notices of Findings" for the Plaintiffs in this case. *Id*. He testified that this was the *only* time in his career at CSX that he was instructed not to complete "Notices of Findings." *Id*. at 46:18 - 47:3. Mr. Thoele further testified that, prior to conducting the disciplinary hearings of the Plaintiffs, he met with Penny Dreher and Dr. Craig Heligman, among others, to discuss how Mr. Thoele was to conduct the disciplinary investigations. *Id*. at 22:4-24.

b. Defendant Elizabeth Creedon, deposed on June 16, 2021, also testified that she was directed to not complete "Notices of Findings" for the disciplinary hearings that she conducted of the Plaintiffs and also that it was the first time she had ever been so instructed despite having conducted more than 50 prior disciplinary investigations. *See* Ex. B, Creedon Depo. Tr. at 55:15-23.

c. Defendant Thomas Deangelo, deposed on June 15, 2021, testified that he was also instructed to not complete "Notices of Findings" for the disciplinary hearings he conducted of the Plaintiffs. *See* Ex. C, Deangelo Depo. Tr. at 46:22 - 48:13.

18. These "Notices of Findings" are where the hearing officers record and submit their findings as to whether the evidence presented in the hearings supports, or does not support, the allegations made. Further, it is where the hearing officers record and submit their findings of

credibility and whether there were mitigating factors that should be considered in the disciplinary process. CITE.

19. That these defendants were specifically instructed to deviate from long-standing policy and practice in conducting the disciplinary hearings of the Plaintiffs, and that CSX seemingly did not wish to have a paper trail regarding the outcome of the proceedings strongly suggests that the outcome was preordained and CSX did not provide Plaintiffs with a fair and impartial opportunity to defend themselves.

20. In light of the material evidence that Plaintiffs did not have at the time of the filing of the dispositive motions; in light of the deposition still to be held of Dr. Craig Heligman under Rule 30(b)(6); in light of the pending motion to compel regarding Defendants' ever expanding privilege log, (Dec. of C. Kiel Garella at ¶¶ 7), Plaintiffs seek leave to supplement their briefing as to Defendants' Motion for Summary Judgment.

21. As the trial date has been continued indefinitely, there is no prejudice to the parties to permit such additional briefing and the interests of justice support that the Plaintiffs be fully heard on all issues and that the Court be fully apprised of all facts.

22. Further, because the Plaintiffs have not been able to present facts essential to justify its opposition to the Defendants Motions for Summary Judgment, such supplemental briefing is proper at this time. Fed. R. Civ. P. 56(d); see also Dec. of C. Kiel Garella at ¶¶ 4-8.

23. In addition to supplemental briefing, Plaintiffs further request that the Court defer considering the pending Motions for Summary Judgment or deny them; and/or that the Court allow time to obtain the additional discovery discussed herein prior to issuing any ruling. Fed. R. Civ. P. 56(d).

24. Plaintiffs request that the Court permit supplemental briefing as follows:

    a. September 20, 2021: Plaintiffs shall submit supplemental briefing to present additional evidence supporting its opposition to the Defendants' Motions to Compel.

    b. October 4, 2021: Defendants shall file any response to Plaintiffs' supplemental briefing.

    c. October 11, 2021: Plaintiffs shall file any reply to Defendants' response.

Respectfully submitted this 10th day of August 2021.

/s/ *Jeff R. Dingwall*
Jeff R. Dingwall
Eight & Sand
550 West B Street, Fourth Floor
San Diego, CA 92101
Tel: (619) 796-3464
jeff@eightandsandlaw.com
Pro Hac Vice

Gregory G. Paul
WV Bar #8129
Morgan & Paul, PLLC
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
Tel: (844) 374-7200
gregpaul@morganpaul.com

J. Patrick L. Stephens
Underwood Law Offices
WV Bar #10262
923 Third Avenue
Huntington, WV 25701
Tel: (304) 522-0508
pstephens@underwoodlawoffices.co

Kenneth R. Reed
Kenneth R. Reed, Attorney PSC
241 Elm Street
Ludlow, KY 41016
Tel: (859) 331-4443

kenreedatty@gmail.com
Applicant for Pro Hac Vice

C. Kiel Garella
Garella Law, P.C.
409 East Boulevard
Charlotte, NC 28303
Tel:  (980) 321-7934
kiel@gljustice.com
Pro Hac Vice

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2021, I electronically submitted the foregoing to the Clerk of the Court via the CM/ECF system which will send notice to all parties entitled to service.

Dated this 10th day of August 2021.

*s/ Jeff R. Dingwall*
Attorneys for Plaintiff