IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JUSTIN ADKINS, et al.,

        Plaintiffs,

v.                                                                                          CIVIL ACTION NO. 3:18-0321

CSX TRANSPORTATION, INC., et al.,

        Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Leave to File Supplemental Briefing on Summary Judgment Motions. ECF No. 446. The Motion asks the Court to permit supplemental briefing on the pending motions for summary judgment through October 11, 2021. For the reasons that follow, the Court **DENIES** the Motion.

### I. BACKGROUND

Pursuant to the Amended Scheduling Order dated September 29, 2020, dispositive motions in this case were to be filed by May 13, 2021. ECF No. 281. Consistent with that deadline, on May 13, 2021, Defendants filed a Motion for Summary Judgment, which moved to dismiss all ten counts of the Third Amended Complaint. ECF No. 360. Additionally, on the same day, Plaintiffs filed a Motion for Patrial Summary Judgment as to their FMLA and Defamation claims. ECF No. 368. Briefing on the motions was completed on June 24, 2021.

Between July 30, 2021, and August 2, 2021, the Court entered numerous orders granting, in part, Defendants' Motion for Summary Judgment and dismissing Plaintiffs' defamation,

wrongful discharge, invasion of privacy, intentional infliction of emotional distress, and tortious interference claims. ECF Nos. 439–43.

On August 5, 2021, the Court held a motion hearing and allowed the Parties to argue the viability of the remaining claims. ECF No. 444. Outstanding discovery was not raised as an issue at the hearing. At the end of the hearing, the Court continued the trial in this case generally, noting that the current trial dates were not feasible given the estimated length of this trial and the status of criminal trials in this district. The Court stated that it would reset the trial after it made final decision on summary judgment, which it hoped to do shortly.

On August 10, 2021, the Court entered an order dismissing Plaintiffs' Federal Railroad Safety Act claim. ECF No. 445. Accordingly, the only remaining claims at this time are those under FMLA, ERISA, the West Virginia Human Rights Act, and the Rehabilitation Act. Two hours after the Court's last order, the Plaintiffs filed the instant Motion. ECF No. 446.

## II.  APPLICABLE LAW

Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, "[i]f a nonmovant shows by affidavit or declaration that, for a specified reasons, it cannot present facts essential to justify its opposition" a court may defer ruling on a motion for summary judgment, allow additional time for the parties to obtain discovery, or issue other appropriate orders. This Circuit has held that Rule 56 "mandates that summary judgment be [postponed] when the nonmovant 'has not had the opportunity to discover information that is essential to his opposition.'" *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014) (quoting *Ingle ex rel. Est. of Ingle v. Yelton*, 439 F.3d 191, 195 (4th Cir. 2006)). However, a court is not required to grant a motion under Rule 56(d) "when the information sought would not by itself create a genuine issue of material fact sufficient for the nonmovant to survive summary judgment." *Id.*

## III. ANALYSIS

Plaintiffs' Motion argues that supplemental briefing on summary judgment is proper because they have not been able to take the Rule 30(b)(6) deposition Dr. Craig Heligman, and they "anticipate that Dr. Heligman's testimony as a CSXT corporate representative will reveal critical facts relevant to the claims and defenses at issue in this litigation." *Mot.* 4; *Garella Aff.* ¶ 6. Additionally, they submit that they took a number of material depositions after the dispositive motion deadline, and therefore they "were not able to present facts essential to its opposition to the Court." *Mot.* 4, *Garella Aff.* ¶ 5.[1] Finally, they argue that there is a pending motion to compel Defendants' privilege log, which they believe contains documents with critical facts that are not appropriately protected by privilege. *Mot.* 6, *Garella Aff.* ¶ 7.

Upon careful review of the parties briefing, the Court denies Plaintiffs' Motion for three separate reasons. First, Plaintiffs' Motion is not timely. The parties completed briefing on the pending motions for summary judgment on June 24, 2021. Plaintiffs waited to file this motion until nearly seven weeks had passed, oral arguments had been held, and the Court had issued orders dismissing six out of the Plaintiffs' ten claims. If the Plaintiffs truly believed this discovery to be "essential," surely they would have raised that issue with the Court before now. Instead, they waited until the Court pointed out the flaws in their claims. While the Court informed the parties that it was continuing the trial in this case generally, it specified that it was doing so to consider a final ruling on summary judgment. Plaintiff cannot now, on the eve of such ruling, ask for continued supplementation and briefing. Their request is untimely and therefore must be denied. *See, e.g.*, *CBRE Realty Fin. TRS, LLC v. McCormick*, 414 F. App'x 547, 551 (4th Cir. 2011) (noting that the protections of Rule 56 are "not designed to protect those who slumber upon

---

[1] Plaintiffs argue that at these depositions Defendants Thoele, Creedon, and DeAngelo testified that they were instructed not to complete "Notices of Findings" for the Plaintiffs' disciplinary hearings. *Mot.* at 4–5.

perceptible rights") (internal quotation marks omitted);[2] *Firewalker-Fields v. Lee*, No. 7:17-CV-00400, 2019 WL 4783112, at *10 (W.D. Va. Sept. 30, 2019) (finding a motion under 56(d) was untimely when it was "filed after the time for responding to the summary judgment motion had passed").

Second, even if the Motion was timely, the Court does not believe the facts the Plaintiffs seek were truly unavailable until this point. Defendants Thoele, Creedon, and DeAngelo were deposed June 15, 16, and 17 of 2021. While Plaintiffs had already filed their Responses to Defendants' motion for summary judgment, the depositions were noticed on June 8, 2021, two days before Plaintiffs submitted their Responses. *See* ECF Nos. 383–85. Moreover, the depositions were conducted before Defendants filed their Replies. Nevertheless, Plaintiffs did not ask the Court to extend the deadline for their Responses to allow for completion of the depositions first, nor did they seek to file a Surreply after the depositions were completed. Similarly, they did not raise the facts learned at the depositions during the motions hearing before the Court.

Additionally, while Plaintiffs have not conducted a Rule 30(b)(6) deposition of Dr. Heligman, they have already deposed him at length, and they have failed to describe how they were prevented from asking him questions at his first deposition that they now need to survive summary judgment. Accordingly, the Court is unable to find that Plaintiffs were denied access to this essential discovery.

Third, Plaintiffs' affidavit fails to "identify any specific information that would create a genuine dispute of material fact." *Hodgin v. UTC Fire & Sec. Americas Corp. Inc.*, 885 F. 3d 243, 250 (4th Cir. 2018). While Plaintiffs' Motion and supporting affidavit identify several pieces of

---

[2] While *CBRE Realty* specifically addressed slumbering upon the rights provided by Rule 56(f), Defendants aptly note that "Rule 56 was amended effective December 1, 2010; the amendments moved (without making material change) the substance of subsection (f) to subsection (d)." *Defs.' Resp.* 5 n.5 (quoting *Radi v. Sebelius*, 434 F. App'x 177, 179 n.* (4th Cir. 2011)).

discovery, they fail to demonstrate how this discovery would create a material question of fact or would otherwise prevent a grant of summary judgment. For example, Kiel Garella's affidavit simply states that it anticipates Dr. Heligman's second depositions "will reveal critical facts relevant to the claim and defense at issue in this litigation." *Garella Aff.* ¶ 6. Similarly, the affidavit states that Plaintiffs "believe at least some of the more than 300 documents identified in CSXT's privilege logs . . . contain critical facts relevant to the claims and defenses at issue in this litigation . . . ." These vague statements "do not identify any specific evidence that Plaintiffs might discover . . . or explain how that evidence would create a triable issue" of fact on any of Plaintiffs' claims. *Hodgin*, 885 F.3d at 250. As such, the Court finds that supplementation under Rule 56(h) is not required.

Finally, the Court notes that the Plaintiffs argue in their Motion and Reply that no defense motion for summary judgment is pending against Plaintiffs' FMLA Interference claim. The Court finds that this argument is irrelevant to Plaintiffs' request for supplemental briefing under the Federal Rules of Civil Procedure and therefore declines to address it at this time.

## IV. CONCLUSION

The Court **DENIES** Plaintiffs' Motion. ECF No. 446. The Court will not allow supplemental briefing on summary judgment. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:   August 18, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE